FILED
United States District Court
Albuquerque, New Mexico
Erik Paltrow
Clerk of Court

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

District of New Mexico

United States of America
v.
Jorge SAENZ-Ramos

*Defendant(s)*

Case No. **26mj5147**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 29, 2026 in the county of Valencia in the District of New Mexico, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a) & (b)(1)(B)(ii); 18 U.S.C. § 2 | Possession with Intent to Distribute 500 Grams and More of Cocaine; Aiding and Abetting. |
| 18 U.S.C. § 924(c)(1)(A)(i); 18 U.S.C. § 2 | Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possessing a Firearm in Furtherance of Such Crime; Aiding and Abetting. |

This criminal complaint is based on these facts:

See attached affidavit, prepared by DEA TFO Clarence Davis.

☑ Continued on the attached sheet.

Clarence Davis
*Complainant's signature*

DEA TFO Clarence Davis
*Printed name and title*

Telephonically sworn and electronically signed.

Date: 09/30/2026

John F. Robbenhaar
*Judge's signature*

City and state: Albuquerque, NM

Honorable John F. Robbenhaar, U.S. Magistrate Ju
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Clarence Davis, Task Force Officer ("TFO") of the Drug Enforcement Administration ("DEA"), being duly sworn, depose and state as follows:

**INTRODUCTION**

1. I am a Task Force Officer with the Drug Enforcement Administration (DEA) assigned to the Albuquerque District Office. As such, I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7) and am empowered by law to conduct investigations and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I have been a Task Force Officer for a total of sixteen years. I have been a certified law enforcement officer within the state of New Mexico for the past 39 years. My experience as a police officer includes, but is not limited to, conducting surveillance, debriefing suspects, interviewing witnesses, writing affidavits for and executing search warrants, working undercover, conducting consensual encounters, as well as working with informants. I have received training in, and have experience in, the investigation of violations of the federal drug and money laundering laws, including the offenses listed below. I have participated in the investigation of numerous drug trafficking conspiracies, including Title III investigations. I have also participated in complex investigations that required the analysis of tolls and data from pen registers. As a result, I am familiar with matters including, but not limited to, the means and methods used by persons and drug trafficking organizations ("DTOs") to purchase, transport, store, and distribute drugs, and to hide profits generated from those transactions. I also have experience in analyzing and interpreting drug codes and cryptic dialogue used by drug traffickers.

2. The statements contained in this affidavit are based upon my investigation, training and experience, as well as information provided by other law enforcement officers or from other

reliable sources. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts which I believe are necessary to establish probable cause to support a criminal complaint against Jorge SAENZ-Ramos (SAENZ) with the following violations:

a. 21 U.S.C. § 841(a) & (b)(1)(B)(ii)(II); 18 U.S.C. § 2 – Possession with intent to distribute controlled substances (Cocaine); Aiding and Abetting.

b. 18 U.S.C. § 924 (c); 18 U.S.C. § 2 – Use or Carrying of a Firearm During or in Relation to a Crime of violence or Drug Trafficking; Aiding and Abetting.

**STATEMENT OF PROBABLE CAUSE**

3. The United States, including the DEA, has been conducting a criminal investigation of SAENZ regarding possible violations of 21 U.S.C. §§ 841(a)(1) and 846, that being possession with intent to distribute controlled substances, distribution of controlled substances, and conspiracy. During this investigation, agents obtained information indicating SAENZ was using a specific phone number corresponding and hereinafter referred to as the SAENZ PHONE.

**I. Prior Controlled Purchases from SAENZ**

4. In June 2026, a DEA Special Agent, acting in an undercover capacity (UC) placed a WhatsApp call to the SAENZ PHONE to negotiate a purchase of cocaine. In doing so the UC spoke with SAENZ who agreed to provide the UC with two ounces of cocaine at a price of $600 per ounce. During this conversation both parties agreed the sale would occur on June 26, 2026. SAENZ agreed to contact the UC on June 25, 2026 to make final arrangements for the transaction.

5. On June 25, 2026, the UC received a WhatsApp voice call from the SAENZ PHONE which went unanswered. Later that day, the UC called the SAENZ PHONE via WhatsApp and spoke with SAENZ. During this conversation, SAENZ informed the UC the price for cocaine

had increased to $800 per ounce. The UC agreed to the new price and both parties again agreed to meet in Los Lunas on June 26, 2026. This call was recorded by the UC and maintained as evidence.

6. On June 26, 2026, the UC contacted the SAENZ PHONE via WhatsApp and spoke with SAENZ. During this conversation SAENZ agreed to meet the UC in the parking lot of the Home Depot located at 1800 Main Street, Los Lunas, NM and mentioned he owned a Jeep.

7. Based on the aforementioned conversation, agents established surveillance near the 1 N Bonita Vista Blvd, Los Lunas, NM. (SAENZ RESIDENCE) This address is listed on SAENZ driver's license and had previously been identified by agents who conducted surveillance of this location on several occasions. A short time later, agents observed SAENZ depart the SAENZ RESIDENCE driving a black Jeep Gladiator bearing a NM license plate and number. Agents continued surveillance of the vehicle as it drove directly to the Home Depot parking lot.

8. At this location the UC contacted SAENZ via the SAENZ PHONE and provided SAENZ with the exact location of his Vehicle. SAENZ acknowledged at which time, the UC observed SAENZ' Jeep Gladiator proceed toward the UC and park next to his vehicle. The UC then received a text message via WhatsApp from the SAENZ PHONE requesting the UC enter the Jeep.

9. The UC entered the Jeep Gladiator and immediately recognized SAENZ from his driver's license photo. SAENZ transferred two plastic bags, each containing a white powdery substance, believed to be cocaine to the UC. The UC handed SAENZ $1600 in official government funds in exchange for the suspected cocaine. The substance was later weighed and showed a total gross weight of approximately 65.5 grams. The substance was later tested and showed a positive result for cocaine.

10. On August 31, 2026, the UC contacted SAENZ via WhatsApp on the SAENZ PHONE. During this recorded conversation, the UC inquired about purchasing two ounces of cocaine. SAENZ agreed to provide the cocaine and stated the price would be the same as the previous purchase. The UC advised SAENZ he would contact SAENZ at a later date to complete the transaction.

11. On September 2, 2026, the UC exchanged messages through WhatsApp on the SAENZ PHONE during which they agreed to meet at the Home Depot parking lot located at 1800 Main St., Los Lunas, NM to complete the aforementioned drug transaction.

12. Based on the conversation, agents established surveillance at the Home Depot as well as the SAENZ RESIDENCE.

13. Upon arrival at the Home Depot the UC again contacted SAENZ via the SAENZ PHONE and informed SAENZ that the UC had arrived in Los Lunas.

14. A short time later, I observed a male, later identified as SAENZ by the UC, exit the front door of the SAENZ RESIDENCE and enter a blue Dodge pickup bearing a NM license plate with a number[1] which was parked in the front yard. I followed the vehicle as it departed the location and drove toward the Home Depot. During the surveillance agents were unable to maintain direct eye contact with the Dodge for a short portion of the route due to traffic conditions, however, did observe the vehicle as it arrived in the Home Depot parking lot and again parked next to the UC.

15. The UC entered the Dodge pickup and met with SAENZ. SAENZ transferred a bag containing a chunk of white powdery substance, believed to be cocaine to the UC. The UC handed SAENZ $1600 in official government funds in exchange for the suspected cocaine. The

[1] The license plate number is registered to the address of 1 N Bonita Vista Blvd., Los Lunas, NM 87031 in SAENZ’s spouse's name.

substance was later weighed and showed a total gross weight of approximately 107.2 grams. The substance was later tested field-tested and showed a presumptive positive result for cocaine.

**II. Most Recent Controlled Purchase**

16. On September 25, 2026, the UC placed a recorded call to SAENZ via WhatsApp to the SAENZ PHONE and discussed the purchase of two kilograms of cocaine. SAENZ agreed to provide the cocaine at a price of $14,500 per kilogram, SAENZ requested a day or two days' notice from the UC, which he stated would allow time to ensure his drug inventory was in place.

17. On September 28, 2026, United States Magistrate Judge, John F. Robbenhaar signed Search Warrant 26-MR-1950 authorizing the search of the SAENZ RESIDENCE.

18. On September 28, 2026, the UC contacted SAENZ via the SAENZ PHONE and SAENZ stated he would be ready to provide the cocaine on September 29, 2026.

19. On September 29, 2026, the UC exchanged voice and text messages with SAENZ. During this exchange SAENZ agreed to meet the UC to complete the cocaine transaction and both parties agreed to meet at the Home Depot located at 1800 Main, Los Lunas, NM.

20. In anticipation of this transaction, agents established surveillance at the Home Depot parking lot as well as the SAENZ RESIDENCE. A short time later, agents observed the previously mentioned black Jeep Gladiator depart the SAENZ RESIDENCE.

21. Approximately 25 minutes later, agents observed SAENZ arrive in the parking lot of the Home Depot and watched as he circled the lot and then parked next to the UC. The UC entered the Jeep Gladiator and met with SAENZ. After a short conversation the UC exited the Jeep and gave a pre-determined arrest signal indicating that the UC had observed illegal drugs.

22. Agents contacted SAENZ and placed him under arrest. Within the Jeep, agents observed two rectangular packages wrapped in black electrical tape. These packages had a total

gross weight of 2.25 kilograms and were found to contain a white chunky powder, which was field-tested and showed a positive presumptive result for cocaine.

## III. Execution of SAENZ Premises Warrant

23. On the same day, Agents then proceeded to the SAENZ RESIDENCE where they served the search warrant. Agents performed a knock and announce at the front door, which was opened by a female resident believed to be SAENZ's spouse.

24. A thorough search of the SAENZ RESIDENCE was conducted, and agents located the following items of evidence

a. One package of suspected cocaine with a gross weight of 1.10 kilograms, which was later field-tested and showed a positive presumptive result for cocaine located in the south bathroom.

b. One plastic bag containing a white chunky powder, believed to be cocaine, with a gross weight of 281.1 gross grams located in the master bedroom closet in a backpack.

c. One plastic bag containing a white chunky powder, believed to be cocaine, with a gross weight of 60.3 gross grams located in the bathroom drawer.

d. One Smith and Wesson .32 caliber revolver bearing Serial Number AX172883. (Not loaded) located in the North bedroom closet.

e. One UZI semi-automatic pistol with an obliterated serial number (not loaded) located in the master bedroom closet.

f. One Winchester 12-gauge shotgun bearing serial number L3659065 located in the master bedroom closet.

g. One Palmetto 9mm pistol bearing serial number CD008941 located in the master bathroom. This handgun did not have ammunition chambered, however did contain a loaded magazine.

25. I know through training and experience that weapons (including rifles, shotguns, handguns, and machineguns) and destructive devices are tools of the trade for drug traffickers, who often keep firearms and similar weapons in close proximity to themselves, and their product

and proceeds, to protect themselves, their drug supplies, and their drug proceeds from other drug traffickers and law enforcement. As shown above, agents did locate a UZI in the same closet next to a backpack containing suspected cocaine.

26. This affidavit has been reviewed by Assistant United States Attorney Mark A. Probasco.

27. I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Clarence Davis
Clarence Davis
Task Force Officer
U.S. Drug Enforcement Administration
Albuquerque District Office

Telephonically sworn and electronically signed on September 29, 2026:

The Honorable John F. Robbenhaar
United States Magistrate Judge
District of New Mexico
Albuquerque, New Mexico